# EVERETT MATHEWS AND ANOTHER v. RODNEY NEWTON MILLS AND ANOTHER. HARRIET D. COLBURN, APPELLANT.

178 N. W. (2d) 841.

July 10, 1970—No. 42068.

*Cragg & Bailly* and *David A. Bailly,* for appellant.

*Feidt, Kuehn, Lewis & Kutcher* and *Jerome H. Lewis,* for respondents Mathews.

*Stringer, Donnelly, Allen & Sharood, Richard A. Rohleder,* and *James S. Lynden,* for respondent Mills.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and James F. Murphy, JJ.

NELSON, JUSTICE.

Appeal by defendant Harriet D. Colburn from a judgment of $4,916.25 in favor of plaintiff Everett Mathews and $11,250 in favor of plaintiff Lucile Mathews entered against defendant Colburn and defendant Rodney Newton Mills.

The action involved on this appeal arose out of an automobile

accident occurring June 12, 1966, involving two separate, but nearly simultaneous, collisions near the intersection of State Highway No. 55 and County Road No. 114.

Highway No. 55 is a trunk highway running in a northwesterly-southeasterly direction. County Road No. 114, which runs in a northeasterly-southwesterly direction, intersects Highway No. 55 at approximately right angles. Highway No. 55 is a through highway, and there are stationary red stop signs for traffic on County Road No. 114.

Lucile Mathews was a passenger in a car owned and driven by her husband, Everett Mathews, traveling northwesterly on Highway No. 55. Harriet Colburn was also driving her automobile northwesterly on Highway No. 55, behind Mathews' vehicle. Rodney Mills, driving his automobile in a northeasterly direction on County Road No. 114, was stopped at the stop sign on the southwest side of Highway No. 55. Without properly observing oncoming traffic, Mills entered the intersection, intending to cross Highway No. 55. At that instant, the Mathews vehicle, last observed by Mills when it was approximately a mile southeast of the intersection, collided with the right side of Mills' car. Immediately thereafter the northwest-bound Colburn vehicle came upon the accident scene and struck the right side of the Mathews vehicle. The two collisions occurred almost simultaneously.

A single action was commenced by plaintiff Everett Mathews, seeking recovery for damages to his automobile, personal injuries, medical and hospital expenses for himself and his wife, and loss of his wife's services and companionship; and by Lucile Mathews, seeking damages for personal injuries consisting of a back injury and an ankle injury.

The case was submitted to the jury on a special verdict. Defendant Mills was found negligent in causing the collision between his car and the Mathews car. Defendant Colburn was found negligent in causing the collision between her car and the Mathews car. Everett Mathews was found not to have been negli-

gent in causing the collision between his car and the Mills car. Damages in the amount of $4,916.25 and $11,250 were assessed in favor of Everett Mathews and Lucile Mathews, respectively. Each defendant was awarded 50 percent contribution from the other.

A motion by defendant Colburn for judgment notwithstanding the verdict or, in the alternative, for a new trial was denied. Judgment was entered and defendant Colburn appealed. No appeal was taken by defendant Mills.

The record presents the following issues: (1) May plaintiffs, who have suffered injuries as a result of two accidents occurring almost simultaneously, caused by concurrent tortfeasors, such injuries being incapable of any logical, reasonable, or practical division, obtain a judgment against each tortfeasor for the full amount of the damages sustained? (2) Where the tortious conduct of two independent tortfeasors has combined to bring about a harm to the plaintiffs, does the burden of proving an apportionment of damages on the grounds that the harm is capable of separation rest upon the defendant claiming the damages are capable of apportionment? (3) Was the trial court's refusal to instruct the jury on the emergency doctrine proper?

Defendant Colburn contends that she is liable only for the damages caused by the collision between her vehicle and the Mathews vehicle and that two of the items of damages, namely, Mrs. Mathews' ankle injury and certain property damage to Mr. Mathews' automobile, were capable of apportionment and division between defendants Mills and Colburn. She further contends that the ankle injury was attributable solely to the negligence of defendant Mills and that only the automobile damage should be apportioned between Mills and herself.[1]

Defendant Colburn further contends that plaintiffs have the burden of proving the portion of the items of damages attribut-

---

[1] These two items of damages seem to be the only ones in dispute on this appeal.

able to the negligence of each defendant and that plaintiffs failed to sustain this burden.

Defendant Colburn finally contends that even if the burden of proving apportionment was upon defendants, such burden was sustained and therefore the trial court's failure to submit the question of apportionment to the jury constitutes grounds for a new trial.

This court has never ruled on the issues raised by a situation involving two separate and distinct impacts, the second immediately following the first, caused by the independent wrongful acts of two or more persons and producing a single, indivisible injury. Nevertheless, this is the very type of situation that presents itself in highway chain collisions. Unfortunately, in this time of high-speed superhighways, this type of accident may well increase in frequency. Other courts have faced the issues created by this type of accident, and the majority seem to follow the position which was adopted below by the trial court.

■ We are inclined to the view that the proper rule to be applied when the question of apportionment arises in multiple-collision cases is the "single injury" or "single indivisible injury" rule, which is succinctly stated in Ruud v. Grimm, 252 Iowa 1266, 1272, 110 N. W. (2d) 321, 324:

"* * * [W]here two or more persons acting independently are guilty of consecutive acts of negligence closely related in point of time, and cause damage to another under circumstances where the damage is indivisible, i. e., it is not reasonably possible to make a division of the damage caused by the separate acts of negligence, the negligent actors are jointly and severally liable."

See, also, Eramdjian v. Interstate Bakery Corp. 153 Cal. App. (2d) 590, 315 P. (2d) 19; Maddux v. Donaldson, 362 Mich. 425, 108 N. W. (2d) 33; Murphy v. Taxicabs of Louisville, Inc. (Ky.) 330 S. W. (2d) 395; Copley v. Putter, 93 Cal. App. (2d) 453, 207 P. (2d) 876; Cummings v. Kendall, 41 Cal. App. (2d) 549, 107 P. (2d) 282; Oakes v. McCarthy Co. 267 Cal. App. (2d) 231, 73

Cal. Rptr. 127; Summers v. Tice, 33 Cal. (2d) 80, 199 P. (2d) 1; Reed v. Mai, 171 Kan. 169, 231 P. (2d) 227; Prosser, Torts (3 ed.) § 42; Annotation, 100 A. L. R. (2d) 17; 38 Am. Jur., Negligence, § 257.

This court, although never having expressly faced the question, has indicated that if it were confronted with a case in which two persons, acting independently of one another, negligently inflict harm upon a third person, such injury being incapable of division, it would hold both tortfeasors jointly and severally liable. Kruchowski v. St. Paul City Ry. Co. 191 Minn. 454, 254 N. W. 587.

In Kruchowski, plaintiff's decedent, while waiting to board a streetcar, was struck by defendant Miller's car and hurled upon the track directly in the path of an oncoming streetcar. The streetcar struck him and he died shortly thereafter. The jury returned a verdict in favor of plaintiff against defendant railway company but in favor of defendant Miller. On appeal this court held that the evidence did not sustain a finding of negligence on the part of the railway company. The court stated, however, that had both defendants been found negligent, it would adopt the following rule as set forth in Shearman & Redfield, Negligence (6 ed.) § 122:

"Concurrent, as distinguished from joint negligence, arises where the injury is proximately caused by the concurrent wrongful acts or omissions of two or more persons acting independently. That the negligence of another person than the defendant contributes, concurs or cooperates to produce the injury is of no consequence. Both are ordinarily liable. And unless the damage caused by each is *clearly separable,* permitting the distinct assignment of responsibility to each, each is liable for the entire damage. The degree of culpability is immaterial." (Italics supplied.)

■ In the abstract, the rule stated above adds nothing new to Minnesota law. It has always been the law of this state that

parties whose negligence concurs to cause an injury are jointly and severally liable although not acting in concert. See, Doyle v. St. Paul Union Depot Co. 134 Minn. 461, 159 N. W. 1081. The rule as propounded in Ruud v. Grimm, *supra*, becomes viable only upon a determination of where the burden of proof of capability of apportionment lies. In this respect, we feel that the rule adopted in Restatement, Torts (2d) § 433 B (2), is the one by which we should be governed. This section provides:

"Where the tortious conduct of two or more actors has been combined to bring about harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor."

Thus, in a multiple-impact situation, the burden of proving that the harm can be separated falls on those defendants who contend that it can be apportioned.

This placement of the burden of proof is justified by considerations of fairness. If we were to impose upon an injured party the necessity of proving which impact in a chain collision did which harm, we would actually be expressing a judicial policy that it is better that a plaintiff, injured through no fault of his own, take nothing, than that a wrongdoer pay more than his theoretical share of the damages arising out of a situation which his wrong has helped to create. In other words, the rule is a result of a choice made as to where a loss due to failure of proof shall fall—on an innocent plaintiff or on defendants who are clearly proved to have been at fault. See, Maddux v. Donaldson, *supra;* Copley v. Putter, *supra;* Prosser, Torts (3 ed.) § 42; Restatement, Torts (2d) § 433 B, Comment on Subsection (2).

Thus, in Copley v. Putter, *supra,* where defendant A's car had moved into plaintiff's lane of travel and collided with plaintiff's car and defendant B's car, traveling some 100 feet behind plaintiff's car, had collided with plaintiff's car immediately after the first collision, the court held that the burden was upon each

negligent defendant to absolve himself by proving his own innocence or limited liability. The court stated that it would be a frustration of justice for the plaintiff to be permitted to show his injury and the simultaneous negligence of the two tortfeasors but be required to demonstrate which of the two had caused the damage.

■ Having decided that the burden of establishing that the injuries in a multiple-accident situation are capable of apportionment rests upon the defendants so claiming, we further hold that it is the function of the trial court to determine whether such burden has been met. Whether or not the harm to the plaintiff is capable of apportionment among two or more causes is a question of law. Once the trial court determines that the harm is capable of apportionment, the question of actual apportionment of damages among several causes becomes one of fact to be determined by the jury. See, Restatement, Torts (2d) § 434 (1) (b), and comment *d.*

■ This rule was followed in Apodaca v. Haworth, 206 Cal. App. (2d) 209, 23 Cal. Rptr. 461. There plaintiff was struck successively by an automobile and a bus, and he sued both the driver of the car and the bus company for personal injuries. Both defendants were found jointly and severally liable pursuant to an instruction of the trial court that the verdict should be in a single amount against all defendants found to be liable. On appeal the court, in response to defendants' contention that the trial court committed error in failing to instruct the jury on apportionment of damages, stated (206 Cal. App. [2d] 215, 23 Cal. Rptr. 464) :

"* * * [B]oth defendants failed to request an instruction on apportionment. But even had such an instruction been requested, the trial court was first confronted with a question of law as to whether or not the damages were capable of apportionment and whether defendants had met the burden of proof cast upon them. (Prosser, Torts, Sec. 45, p. 226.) Absent any evidence to support a finding of apportionment, there was no basis upon which the jury could have limited either defendant's liability to a particu-

lar injury which such defendant was shown to have in fact caused. Necessarily, therefore, the court would not have been warranted in giving an instruction even had one been requested."

In the instant case the trial court ruled that on the state of the evidence a breakdown of injuries could not be submitted to the jury for apportionment. The court stated in its memorandum that it would have been pure speculation for the jury to determine the particular injuries and resulting damage attributable to the separate impacts.

With respect to Mrs. Mathews' ankle injury, her doctors were unable to say that it was more than a mere probability that the injury was caused by the first impact. Mrs. Mathews' testimony reveals that she did not know in which impact her ankle was injured. Thus, neither Mrs. Mathews nor her doctors could state with a reasonable degree of certainty that the ankle injury was caused by the second impact. Moreover, defendant Colburn failed to establish that Mrs. Mathews' ankle injury should be attributed solely to defendant Mills' negligence.

The same lack of proof exists with respect to the property damage to Mr. Mathews' automobile. There was no evidence adduced at trial by either party as to the amount of property damage to the vehicle inflicted by the first impact and the amount inflicted by the second impact. Although the evidence indicates that the first impact damaged the front of the automobile and the second impact damaged the right side of the vehicle, and it is thus possible to segregate the individual damages in this manner, the combined effect of both impacts was to render the automobile practically worthless. Thus, it would have been mere speculation and conjecture on the part of the jury to attempt to apportion the vehicle damage to the two impacts. We conclude that the trial court was correct in not submitting the question of apportionment to the jury.

■ With respect to defendant Colburn's contention that the trial court erred in failing to instruct the jury on the emergency doctrine, the law is clear that the rule does not apply if the emer-

gency was negligently created by defendant or if defendant has failed in the application of due care to avoid it. See, Kachman v. Blosberg, 251 Minn. 224, 87 N. W. (2d) 687. Here, the evidence is clear that defendant Colburn was not keeping a proper lookout or observation in the operation of her vehicle and that she did not take proper steps to avoid the collision once the danger became apparent to her. We conclude, therefore, that the trial court's refusal to grant her requested instruction was proper.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.