### JACKIE G. COOPER v. LEO J. FRIESEN AND ANOTHER.

207 N. W. 2d 742.

May 4, 1973—No. 43508.

*Lindquist & Vennum, William C. Mortensen,* and *Kurtis A. Greenley,* for appellant.

*Mordaunt, Walstad, Cousineau & McGuire* and *Robert J. McGuire,* for respondents.

Heard before Knutson, C. J., and Rogosheske, MacLaughlin, and Schultz, JJ.

ROGOSHESKE, JUSTICE.

This personal-injury action arises out of a motor vehicle collision at an intersection controlled by a yield-right-of-way sign. At the close of plaintiff's case in chief, the court directed a verdict in favor of defendants. Plaintiff appeals from the denial of his post-trial motion for a new trial. The single and very close issue is whether the trial court erred in directing a verdict pursuant to Rule 50.01, Rules of Civil Procedure, on the ground the evidence was insufficient to sustain a verdict for plaintiff. We believe that the evidence would have sustained an award of damages to plaintiff upon findings that defendant driver drove at an unlawful rate of speed just prior to the collision, thereby forfeiting her right-of-way, and that her negligence with respect to speed, lookout, and control could have been found to contribute a greater percentage of causal negligence than that of plaintiff. Accordingly, we reverse and remand for a new trial.

The accident occurred at the intersection of old Cedar Avenue and an entrance gate from Highway No. 36 just west of Metropolitan Stadium in Bloomington. Defendant Arlene Friesen was driving her husband Leo's black station wagon north on old Cedar Avenue, a through street with a 30-miles-an-hour speed limit running parallel to and immediately west of Highway No. 36, a four-lane divided highway. Plaintiff had turned left off the northbound lane of Highway No. 36 and was proceeding west toward the entrance gate of old Cedar Avenue. There was a through-stop sign between the north and south lanes of Highway

No. 36 and a yield-right-of-way sign for traffic approaching the entrance gate of old Cedar Avenue.

Plaintiff testified that when he stopped at the median between the northbound and southbound lanes of Highway No. 36, he saw a dark car proceeding north on old Cedar Avenue about 3 blocks south of the intersection he was approaching. As he crossed the southbound lane of Highway No. 36, he again looked south on old Cedar Avenue and saw only one car proceeding in a northerly direction. This was a dark car approximately one city block south of the intersection. From measurements made after the accident, plaintiff testified this car was approximately 680 feet from the intersection when he was crossing the southbound lane of Highway No. 36. Plaintiff then crossed over the southbound lane of Highway No. 36 and again looked south when he was about 5 or 10 feet east of old Cedar Avenue. There was testimony that the view to the south was restricted at this point by a cyclone fence running parallel to both the highway and the avenue, but plaintiff testified he could see at least 100 feet south on old Cedar Avenue at the time he made this last observation. In any event, he did not see defendant's car, and while he was proceeding without stopping into the northbound lane of old Cedar Avenue, his car was struck on its left side by defendant's vehicle.

Although plaintiff testified that he could not be sure the dark car he observed as he approached the intersection was defendant's black station wagon and that he never formed an opinion of the speed of the dark car or of defendant's car at the time of the collision, there is sufficient evidence from which a jury could find, without indulging in speculation, that defendant driver was exceeding the 30-miles-an-hour speed limit as she approached the intersection.[1] As noted above, plaintiff observed the dark car 680 feet south of the intersection when he crossed the south-

---

[1] See, Tellis v. Traynham, 195 Va. 447, 78 S. E. 2d 581 (1953); Walsh v. Murray, 315 Ill. App. 664, 43 N. E. 2d 562 (1942); Central Georgia Ry. Co. v. Keating, 177 Ga. 345, 170 S. E. 493 (1933); Annotation, 46 A. L. R. 2d 9.

bound lane of Highway No. 36. He testified that that car was the only northbound car on old Cedar Avenue and that 8 seconds elapsed between the time he saw the car and the time of the collision. If these figures were accurate and the jury made the inference that the dark car was, in fact, defendant's car, its speed averaged 50 miles an hour in traveling 680 feet in the 8 seconds.

Viewing the evidence most favorably to plaintiff, as we must, plaintiff's testimony raises factual questions that should have been decided by the jury. We are persuaded that the circumstantial evidence would have permitted the jury to find (1) that plaintiff was, or was not, negligent in failing to keep a proper lookout because of claimed obstructions to his view and that he, with or without justification, failed to yield the right-of-way to defendant driver;[2] and (2) that defendant driver did, or did not, forfeit her statutory right-of-way because she was driving at an unlawful rate of speed and that she did, or did not, maintain a proper lookout and control of her automobile.[3] Therefore, we conclude that the jury, and not the court, should have made the findings and apportionment of fault.

"* * * [E]xcept in those rare cases where there is no dispute in the evidence and the factfinder could come to only one conclusion, the apportionment of negligence should be left to the jury." Riley v. Lake, 295 Minn. 43, 58, 203 N. W. 2d 331, 340 (1972).

We do not by our decision intimate, as the trial court speculated, that under our statutory rule of comparative negligence there is no longer any case where the trial court may, indeed is required to, determine the issue of liability as a matter of law, including whether the claimant's negligence equals or exceeds that of the defendant. We simply decide that, viewing all the evidence and all reasonable inferences most favorably to plaintiff, this is not such a case.

One issue remains. The statute governing the duties of motor-

---

[2] E.g., Lapides v. Wagenhals, 285 Minn. 403, 173 N. W. 2d 334 (1969).

[3] Fisher v. Edberg, 287 Minn. 105, 176 N. W. 2d 897 (1970).

ists at yield-right-of-way signs, Minn. St. 169.201, does not explicitly incorporate the language of § 169.20, subd. 1, providing that excessive speed forfeits the right-of-way to vehicles approaching uncontrolled intersections; an extremely technical and literal reading could produce the anomalous result that excessive speed would forfeit the right-of-way granted to vehicles approaching such intersections but would not forfeit it to those approaching intersections protected by a yield sign. We reject such a reading of the statutes. In previous cases, we have given a broad and inclusive reading to the forfeiture-for-unlawful-speed provisions of § 169.20, subd. 1, Anderson v. Mid-Motors Inc. 256 Minn. 157, 98 N. W. 2d 188 (1959); Kolatz v. Kelly, 244 Minn. 163, 69 N. W. 2d 649 (1955); we now hold that the forfeiture provision applies with equal force to a motorist approaching an intersection protected by a yield sign.

Reversed and remanded for a new trial.