Donna R. MADAY, et al., Appellants,

v.

YELLOW TAXI COMPANY OF
MINNEAPOLIS, Respondents,

Theodore Yankovich, et al., Defendants.

No. 81–238.

Supreme Court of Minnesota.

Nov. 6, 1981.

Rider, Bennett, Egan & Arundel, Lewis A. Remele, Jr., and Janice K. Cook, Minneapolis, for appellants.

Larkin, Hoffman, Daly & Lindgren and Robert J. Hennessey, Minneapolis, for respondents.

OTIS, Justice.

Plaintiffs Donna R. and Gene Maday appeal from an order of the district court limiting their recovery against Yellow Taxi Company of Minneapolis (Taxi) to 30% of the stipulated damages in this action for personal injuries arising out of an automobile accident. Taxi filed a notice of review for that portion of the order denying its motion for judgment notwithstanding the verdict or a new trial. The primary issue on appeal is whether Taxi is jointly and severally liable for the total damages despite the jury's finding that it was only 30% at fault. We conclude that Taxi is liable for the entire damages and, therefore, we reverse the trial court's decision to the ex-

tent that it is to the contrary. In other respects we affirm.

Donna Maday was injured in 1974 when the taxi in which she was a passenger collided in Minneapolis with a car driven by Glen Moschkau. Mrs. Maday and her husband commenced an action against Taxi, its driver, Theodore Yankovich, and Moschkau. Moschkau had no liability insurance at the time of the accident, and therefore the Madays pursued an uninsured motorist claim against their insurer, Illinois Farmers Insurance Company (Farmers).

An uninsured motorist arbitration was held in 1978, and the arbitrator awarded the Madays $30,500. Farmers paid this amount to the Madays, and the Madays executed a standard trust agreement and release. This subrogation agreement allowed Farmers to take action against third parties to recover money paid to the Madays. Since the Madays had no desire to pursue their own claim further, the parties at trial stipulated damages at $30,500 and asked the jury only to consider the question of liability.

The jury determined that both Taxi and Moschkau were negligent, that such negligence was a direct cause of the accident, and that Taxi was 30%- and Moschkau 70%-negligent in causing this accident. Based on this verdict, plaintiffs argued that Taxi was jointly and severally liable, and that plaintiffs were thus entitled to a judgment of $30,500 against Taxi. The trial court rejected this argument, and ordered Taxi liable for only 30% of the total damages.

■ It has always been the law of this state that parties whose negligence concurs to cause injury are jointly and severally liable although not acting in concert. *Mathews v. Mills*, 288 Minn. 16, 178 N.W.2d 841 (1970). This common-law rule has been incorporated into our comparative negligence statute: "When there are two or more persons who are jointly liable, contributions to awards shall be in proportion to the percentage of negligence attributable to each, provided, however, that each shall remain jointly and severally liable for the whole award." Minn.Stat. § 604.01, subd. 1 (1976).[1] We have consistently applied § 604.01 to hold each defendant liable for a plaintiff's total recoverable[2] damages even when a jury finds that defendant only partially at fault. *Jack Frost Inc. v. Engineered Building Components Co.*, 304 N.W.2d 346, 352 (Minn.1981); *Ruberg v. Skelly Oil Co.*, 297 N.W.2d 746 (Minn.1980). The defendants' remedy is contribution from codefendants in accordance with the jury's apportionment of fault.

■ In refusing to hold Taxi liable for the full damages, the trial court relied upon *Mathews v. Mills*, 288 Minn. 16, 178 N.W.2d 841 (1970), wherein we discussed the "single divisible injury" rule. That rule creates an exception to the general rule of joint and several liability where there are independent consecutive acts of negligence and it is reasonably possible to determine which injuries were caused by which act. It is clear that in this case, where the combined negligence of two drivers resulted in a collision, it is not possible to determine which damages were caused specifically by which negligent act. Since the "single divisible injury" exception is inapplicable, the general rule governs.

■ Taxi argues that if the rule of joint and several liability applies, it is nonetheless not liable because of two trial court errors. First, Taxi contends that plaintiffs have been made whole by their insurer and, therefore, have no rights against Taxi. The

1. The 1978 amendments to this statute shift this sentence to Minn.Stat. § 604.02 (1980) and slightly alter the formula for computing the solvent defendants' liability when other defendants are insolvent. Where the plaintiff is without fault and there is only one solvent defendant, as in this case, the 1978 amendments would not reduce defendant's liability. *See* Note, *Contribution and Indemnity—An Examination of the Upheaval in Minnesota Tort Loss Allocation Concepts*, 5 Wm. Mitchell L.Rev. 109, 158 (1979).

2. Minn.Stat. § 604.01, subd. 1 (1976), permitted recovery only from persons whose negligence is greater than that of the person seeking recovery and requires that damages "be diminished in the proportion to the amount of negligence attributable to the person recovering."

argument is, in essence, a denial of the principle of subrogation which we have often upheld. *Christy v. Menasha Corp.*, 297 Minn. 334, 211 N.W.2d 773 (1973). Second, Taxi argues that the jury should not have been asked to apportion fault. Where the facts reasonably tend to show negligence on the part of both defendants, submission of a comparative negligence question is proper. *Cooper v. Friesen*, 296 Minn. 160, 207 N.W.2d 742 (1973).

Affirmed in part; reversed in part.