Betty CLAYTON, Appellant,

v.

**WHITE HALL SCHOOL DISTRICT, Appellee.**

No. 84–2152.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1985.

Decided Nov. 26, 1985.

Murry L. Grider, Pocahontas, Ark., for appellant.

Jeff Starling, Pine Bluff, Ark., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and NICHOL,* Senior District Judge.

NICHOL, Senior District Judge.

This is an appeal from the district court's[1] dismissal with prejudice of the complaint in this action for lack of standing. For reversal, appellant argues the district court erred in determining that appellant lacked standing and in failing to grant appellant's request for leave to amend her complaint. We affirm the district court on both issues but remand for entry of a judgment of dismissal without prejudice.

The facts are essentially undisputed, and "[f]or purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).

Appellee school district has a policy by which its employees who are certified teachers or administrative personnel and who reside outside of the White Hall school district may nevertheless enroll their children in the White Hall school district. The

---

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

remainder of the school district's employees are not permitted this benefit.

Appellant, a white woman, is employed in appellee's cafeteria. She lives outside the school district and, although she is neither a certified teacher nor an administrative employee, she was permitted to enroll her child in the White Hall school district for three and one-half years. In May of 1983, however, appellant was informed that she could no longer enroll her child due to the aforementioned policy. (The record does not indicate whether this policy had been in effect prior to May of 1983 or was newly promulgated at that time.) Appellant subsequently learned that a black custodian employee who did not reside in the school district had attempted to enroll his child. This was refused on the basis of the policy. When the black custodian questioned the allowance of appellant's child, the school district responded that appellant would no longer be permitted to enroll her child.

Appellant then filed this action pursuant to Title VII, 42 U.S.C. sections 2000e *et seq.*, and 42 U.S.C. sections 1981 and 1983. Her complaint alleged that the school district had discriminated against her as a "result of race, in the furtherance of discrimination against another individual employed in the school, and further treated her in her job in the [sic] manner which adversely affected her status as an employee, because of the race of another [employee]." Complaint at para. 3. The complaint went on to set out the facts substantially as described above, and then alleged that appellant had suffered injury "in the form of economic hardship in the difficulty of obtaining a babysitter and the additional cost providing [sic] babysitting services for the child as a result of the hours worked by the Plaintiff." Complaint at para. 7.

The district court granted appellee's motion to dismiss for want of standing because appellant had not alleged facts entitling her to assert the rights of a third-party, nor had she alleged a "work environment" or an "associational" injury of the type courts have recognized as providing standing for a plaintiff who is not a member of the minority group allegedly discriminated against. *Clayton v. White Hall School District*, No. PB–C–84–0252, slip op. at 3–4 (E.D.Ark. Aug. 20, 1984).

The "work environment" theory of discrimination holds that an employee has a right to work in an environment free of discrimination, and that a plaintiff has standing to sue for the violation of that right even if he or she is not a member of the minority group allegedly discriminated against. *Rogers v. EEOC*, 454 F.2d 234 (5th Cir.1971), *cert. denied*, 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972). *See also Stewart v. Hannon*, 675 F.2d 846 (7th Cir.1982); *EEOC v. T.I.M.E.—D.C. Freight*, 659 F.2d 690 (5th Cir.1981); *EEOC v. Mississippi College*, 626 F.2d 477 (5th Cir.1980), *cert. denied*, 453 U.S. 912, 101 S.Ct. 3143, 69 L.Ed.2d 994 (1981); *EEOC v. Bailey Co.*, 563 F.2d 439 (6th Cir.1977), *cert. denied*, 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978); *Waters v. Heublein, Inc.*, 547 F.2d 466 (9th Cir. 1976), *cert. denied*, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977). Additionally, the "associational" theory provides standing for a plaintiff in similar circumstances who alleges a deprivation, as a result of discrimination, of the right to associate with members of the targeted minority group. *Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972).

Appellant, however, did not allege either a "work environment" or an "associational" injury in her complaint. Certainly, the use of these particular words is not required. But the essence of these two doctrines is that a plaintiff employee finds racial or other discrimination in the workplace offensive or distasteful because it violates that employee's right to work in an atmosphere free of discrimination and to enjoy the myriad benefits of associating with members of other racial or ethnic groups. Thus, it is an emotional or psychological injury to the plaintiff herself which is the gravamen of this cause of action. There is no hint in the complaint of an injury of this nature.

The complaint does contain an allegation that appellee's alleged discrimination "adversely affected [appellant's] status as an employee...." We find the meaning of this phrase unclear since no further facts are alleged in support of it. However, at best, we think it is a reference to loss of the economic "fringe benefit" which appellant had previously enjoyed. The only injury actually alleged in the complaint is the increased cost to appellant of sending her child to one school while she was employed at another. We agree this amounts to an "injury in fact," the first prong of the test for standing. *Coalition for the Environment v. Volpe*, 504 F.2d 156, 165 (8th Cir. 1974). We hold, however, that the injury in this case was not "to an interest arguably within the zone of interests to be protected or regulated by the [civil rights laws]." *Id.* Hence, appellant has failed to meet the second prong of the test, and we affirm the district court's dismissal for want of standing.

 Appellant next contends that the district court erred in failing to grant her leave to amend the complaint. Leave to amend ordinarily is to be freely granted. Fed.R.Civ.P. 15; *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692 (8th Cir.1979). Appellant, however, did not submit a motion for leave to amend but merely concluded her response to the school district's motion to dismiss with a request for leave to amend. Moreover, appellant did not offer a proposed amended complaint or even the substance of the proposed amendment to the district court. The district court makes no reference to the request in its Order of Dismissal; thus, we are uncertain whether the court was even aware of it. It is clear, however, that in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion. *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir.1983). We hold the district court did not abuse its discretion in failing to grant leave to amend.

Although we have affirmed the district court's dismissal of the complaint, we find the court abused its discretion in dismissing *with prejudice*. Dismissal with prejudice is a drastic and extremely harsh sanction. *Cunningham v. Yellowstone School District No. 14*, 774 F.2d 1170 (8th Cir.1985) (per curiam); *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). It is warranted only by a pattern of intentional delay by the plaintiff, *Fletcher v. Southern Farm Bureau Life Insurance Co.*, 757 F.2d 953, 956 (8th Cir.1985) (per curiam), or in " 'cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint'." *Fletcher*, 757 F.2d 261, 263 (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir.1984)). To deny forever the appellant's day in court is unjustified where, as here, there is no evidence of a pattern of delay or contumacious conduct.

In sum, we affirm the dismissal of the complaint for lack of standing and we find no error in the district court's failure to grant leave to amend the complaint. However, we vacate the judgment of dismissal with prejudice and remand for entry of a judgment of dismissal without prejudice.