# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1994

_____

Stephen B. Kessler,                           *
                                              *
         Appellant,                           *
                                              *
KEPSFilms, Inc.                               *
                                              *
         Plaintiff,                           *
                                              *   Appeal from the United States
                                              *   District Court for the
         v.                                   *   Eastern District of Missouri
                                              *
Michael Crichton, Anne-Marie Martin  ,*
Amblin' Entertainment, Inc.; Steven           *        [UNPUBLISHED]
Spielberg, Warner Bros., Inc.   ,             *
Universal City Studios, Inc., Constant        *
C. Productions, Inc.,                         *
                                              *
         Appellees.                           *

_____

Submitted:  June 19, 2000

Filed:  June 26, 2000

_____

Before WOLLMAN, Chief Judge, and McMILLIAN and HANSEN, Circuit Judges.

_____

PER CURIAM.

Stephen B. Kessler appeals from final orders entered in the United States District Court[1] for the Eastern District of Missouri, denying his Fed. R. Civ. P. 60(b)(4) post-judgment motions relating to the taxation of costs against him personally following an adverse jury verdict in his copyright-infringement action. For reversal, Kessler contends that the district court lacked personal jurisdiction over him and denied him due process. He also argues that the court erred in not considering the pro se affidavits he submitted prior to his attorneys' withdrawal and in not permitting him to argue against his attorneys' motion to withdraw. We deny Kessler's motion to supplement the record and, for the following reasons, we affirm the judgment of the district court.

A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process. See Chambers v. Armontrout, 16 F.3d 257, 260 (8th Cir. 1994). We conclude the judgment here is not void. First, the district court had personal jurisdiction over Kessler by virtue of his filing the infringement action and voluntarily appearing at trial, see Carlson v. Hyundai Motor Co., 164 F.3d 1160, 1163 (8th Cir. 1999) (individual may submit to district court's jurisdiction by appearance), and Kessler's subsequent dismissal did not deprive the court of its jurisdiction to order him to pay costs, cf. 28 U.S.C. § 1919 (district court may order payment of "just costs" when action or suit is dismissed). Second, Kessler was not deprived of due process when his pro se submissions were rejected and his attorneys were permitted to withdraw. See Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (pro se litigant has no statutory or constitutional right to have counsel appointed in civil case); Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994) (decision to allow counsel to withdraw is left to district court's discretion); United States v. Agofsky, 20 F.3d 866, 872 (8th Cir.) ("There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel."), cert. denied, 513 U.S. 909 (1994).

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.