# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3381

_____

| | | |
|---|---|---|
| Harry D. Meehan, Jr.; | * | |
| Harry D. Meehan, Sr., | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| United Consumers Club Franchising | * | |
| Corp.; United Consumers Club, Inc.; | * | |
| National Management Corporation; | * | |
| Jack R. Allen, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 13, 2002

Filed: December 10, 2002

_____

Before LOKEN, RILEY, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Harry D. Meehan, Jr., and Harry D. Meehan, Sr., (Meehans) entered into a franchise agreement with appellees United Consumers Club Franchising Corp., United Consumers Club, Inc., and National Management Corporation (collectively, Consumers Club). Appellee Jack Allen (Allen) negotiated the franchise agreement on behalf of Consumers Club. The franchise allowed the Meehans to sell

memberships to the general public in a merchandise and services buying club. The Meehans' franchise was not successful, and they filed suit alleging fraud and violations of the Indiana Franchise Act, Ind. Code §§ 23-2-2.5-1 to -51 (1989), and the Indiana Deceptive Franchise Practices Act, Ind. Code §§ 23-2-2.7-1 to -7 (collectively, Indiana Franchise Acts). The district court[1] dismissed the complaint with prejudice, because (1) the Meehans could not establish justifiable reliance, an essential element of fraud, and (2) the Indiana Franchise Acts were inapplicable. We affirm.

## I.    BACKGROUND

The Meehans entered into a franchise agreement with Consumers Club in 1995. The Meehans' franchise failed. The Meehans allege that, just before they entered into the franchise agreement, Consumers Club, through Allen, made false statements and misleading representations to them about (1) earnings, (2) success rates, (3) pricing, and (4) warranties, support, and service. In Count I, the Meehans allege Consumers Club's conduct constituted fraud. The Meehans initially alleged in Count II that the conduct also violated the Indiana Franchise Acts, but later conceded to the district court the Indiana Franchise Acts did not apply.

The district court dismissed both counts with prejudice, determining the express disclaimers contained in the franchise agreement precluded the Meehans from proving justifiable reliance, if any misrepresentations were made. In their response brief to the motion to dismiss, the Meehans sought to amend the complaint to substitute a claim under the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010-.943 (2000). The district court ruled the Meehans failed to comply with the requirements of Federal Rule of Civil Procedure 15(a), because they did not file a motion to amend. Meehans also did not submit a proposed amended complaint for

---

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

review. Therefore, the district court denied the Meehans leave to amend their complaint.

## II. DISCUSSION

### A. Appellant Filing Appeal

As an initial matter, a question exists about whether both Meehans appealed the district court's order or if only Harry D. Meehan, Jr. appealed. The filings on appeal contain the names of both Meehans and suggest they both appealed; however, the appellees argue only Harry D. Meehan, Jr. appealed. The notice of appeal filed in the district court states: "Comes now the Complainant and notifies the Court and the defendants that the plaintiff will appeal the Judgment, Order, and Memorandum entered August 17, 2001." The caption contains only the name Harry D. Meehan, Jr. as "Claimant," without "et al." or any similar designation. The signature line is for the "Attorney for Plaintiff." No other notice of appeal was filed. Federal Rule of Appellate Procedure 3(c)(4) provides: "An appeal must not be dismissed . . . for failure to name a party whose intent to appeal is otherwise clear from the notice." Here, the notice clearly lists only Harry D. Meehan, Jr. and makes no reference to Harry D. Meehan, Sr.'s intent to appeal. Accordingly, we find Henry D. Meehan, Sr. has not filed an appeal, and we proceed only with the appeal of Harry D. Meehan, Jr. (Meehan).

### B. Fraud Claim

"We review de novo the district court's grant of the defendants' 12(b)(6) motion to dismiss. . . . We construe [appellant's] complaint in the light most favorable to him and determine whether he can prove any set of facts that would entitle him to relief." Madsen v. Audrain Health Care, Inc., 297 F.3d 694, 697 (8th Cir. 2002) (internal citations omitted). The federal rules require averments of fraud shall be stated with particularity. Fed. R. Civ. P. 9(b).

Count I alleges Consumers Club knowingly misrepresented expected earnings, success rates, pricing, and warranties, support, and service in order to induce Meehan to purchase a franchise. Meehan attached the franchise agreement and the offering circular to the complaint. The district court determined the express disclaimers contained in the attached franchise agreement and offering circular preclude Meehan from proving justifiable reliance, if misrepresentations were made. Meehan contends the disclaimers do not defeat the misrepresentation claim because they do not contain evidence of whether actual representations were made and relied on.

The franchise agreement provides that the parties' relationship and the franchise agreement itself are to be governed by Indiana's substantive laws, except for the Indiana Franchise Acts. Under Indiana law, to prevail on a fraud claim, a plaintiff must establish the following:
> (1) a material misrepresentation of past or existing fact which
> (2) was untrue,
> (3) was made with knowledge of or in reckless ignorance of its falsity,
> (4) was made with the intent to deceive,
> **(5) was rightfully relied upon by the complaining party**, and
> (6) which proximately caused the injury or damage complained of.

Doe v. Howe Military Sch., 227 F.3d 981, 990 (7th Cir. 2000) (applying Indiana law) (internal citations omitted and emphasis added). In addition, "actual fraud may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions or statements of existing intent which are not executed." Id.

The Consumers Club franchise agreement contains an express disclaimer and requires the franchisee to affirm he has not received or relied on any express or implied warranty or guaranty about the revenue, profit or success of the franchise and has not relied on any representations by the company's employees or agents that are contrary to the offering circular. The offering circular provides that no representations of actual, average, projected or forecasted sales, profits or earnings

-4-

have been made by Consumers Club to the prospective franchisee. The offering circular also states that no representative of Consumers Club is authorized or permitted to make claims or statements about earnings, sales, profits, or chances of success, and if such statements are made, the franchisee should not rely on them.

Citing the Seventh Circuit, the district court found, and we agree, "it is simply unreasonable to continue to rely on representations after stating in writing that you are not so relying." Hardee's of Maumelle, Ark., Inc. v. Hardee's Food Sys., Inc., 31 F.3d 573, 576 (7th Cir. 1994) (applying Indiana law). Based on the franchise agreement and the offering circular, we find Meehan could not justifiably rely on representations regarding earnings or success rates. We, therefore, affirm the district court's order.

Meehan further argues the allegations in his complaint relating to representations about merchandise pricing and about warranties, support, and service are not expressly disclaimed by the franchise agreement or the offering circular. We agree. However, such representations were not statements of past or present facts, but of future events. See Anderson v. Indianapolis Ind. AAMCO Dealers Adver. Pool, 678 N.E.2d 832, 837 (Ind. Ct. App. 1997) (finding "representations, even if false and misleading, cannot support an action for fraud . . . [if] they relate to future, as opposed to past or existing, facts").

Meehan has failed to allege a fraud claim with particularity. We hold only that the claim alleged does not constitute a claim for fraud; we do not pass on any other claim supported by the facts.

Meehan also argues the district court erred in dismissing the complaint with prejudice "because it gave the plaintiff no notice that it was going to either treat the motion to dismiss as one for summary judgment; or because it had no sworn testimony on which to base a judgment, and did not consider matters outside the

pleadings." As the district court did not convert the motion to dismiss to a motion for summary judgment as allowed by Federal Rule of Civil Procedure 12(b), the first part of Meehan's argument fails outright. The district court properly considered the franchise agreement and offering circular inasmuch as they were attached to the complaint. See Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Therefore, "materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986); see also Abels v. Farmers Commodities Corp., 259 F.3d 910, 921 (8th Cir. 2001). The second part of Meehan's argument fails, because based on the allegations and facts of this case, the district court was under no obligation to resolve the issues in the complaint through materials outside the pleadings.

Finally, Meehan argues the claims against Allen should not have been dismissed because Allen, while joining the motion to dismiss, also moved to dismiss for lack of personal jurisdiction. Therefore, according to Meehan, Allen should not have standing to object to defects in the pleadings. However, "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Fed. R. Civ. P. 12(b). We need not determine whether the district court had personal jurisdiction over Allen, because the complaint failed to allege a claim upon which relief could be granted.

### C.    Missouri Merchandising Practices Act Amendment

Count II of the complaint contained allegations that Consumers Club violated the Indiana Franchise Acts. The franchise agreement provided Indiana law governed, but specifically provided this choice of law "shall not be construed to render the Indiana Franchise Disclosure Law . . . or the Indiana Deceptive Franchise Practices Act . . . applicable to this Agreement." Consumers Club moved to dismiss because the Indiana Franchise Acts did not apply. Meehan conceded the Indiana Franchise Acts did not apply and, in his response brief, sought to amend the complaint to

substitute a claim under the Missouri Merchandising Practices Act. The district court denied leave to amend. The district court ruled Meehan failed to comply with the requirements of Federal Rule of Civil Procedure 15(a), because he failed to file a motion to amend and Meehan also failed to submit a proposed amended complaint.

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' there is no absolute or automatic right to amend one's complaint." Deutsche Fin. Servs. Corp. v. BCS Ins. Co., 299 F.3d 692, 700 (8th Cir. 2002). We review the denial of a motion to amend for abuse of discretion. Knapp v. Hanson, 183 F.3d 786, 790 (8th Cir. 1999). "A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading." Carlson v. Hyundai Motor Co., 164 F.3d 1160, 1162 (8th Cir. 1999); see also Clayton v. White Hall Sch. Dist., 778 F.2d 457, 460 (8th Cir. 1985) (finding no abuse of discretion where plaintiff merely sought leave to amend at the conclusion of her response to the motion to dismiss and saying, "in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."). All civil litigants are required to follow applicable procedural rules. See Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001).

First, Meehan did not move to amend. Second, Meehan failed to specify the proposed new allegations, and the district court was not required to engage in a guessing game. See Brandt v. Davis, 191 F.3d 887, 893 (8th Cir. 1999) (finding no abuse of discretion where party failed "to explain how he would amend the complaint to save the claim"). Finding no abuse of discretion, we affirm.

Finally, Meehan argues an amendment to include a claim under Missouri law should be allowed and such claim would not be futile. Because the parties agreed in the franchise agreement to the application of Indiana law, the district court noted such an amendment may be futile. Although Meehan disputes the futility of the

amendment, he does not show, or even argue, the district court abused its discretion in denying leave to amend given the procedural failures.  We decline to evaluate the futility of the amendment because the district court's decision was procedural and was not an abuse of discretion.

**III.   CONCLUSION**

For the reasons stated above, we affirm the order of the district court.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.