# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2271

_____

Brian Schuster,                                                        *
                                                                       *
        Appellant,                                       *
                                                                       *  Appeal from the United States
    v.                                                              *  District Court for the
                                                                       *  District of Nebraska.
Quanta Specialty Lines Insurance                                       *
Company,                                                               *  [UNPUBLISHED]
                                                                       *
        Appellee.                                        *

_____

Submitted: January 5, 2012
Filed: February 28, 2012

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Brian Schuster appeals the district court's[1] adverse grant of judgment on the pleadings in his breach-of-contract action, which was governed by New York law. He alleged that Quanta Specialty Lines Insurance Company (Quanta) breached the terms of a professional liability policy in bad faith when Quanta refused to represent and indemnify him with respect to multiple legal proceedings, and when Quanta failed to obtain a release of claims against him.

_____

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

Under New York law, absent bad faith, an insurer has discretion to make payments pursuant to a "first in time, first in right" principle, and an insurer has no duty to pay out claims ratably or consolidate them.  See In re Sept. 11 Prop. Damage Litig., 650 F.3d 145, 151, 153 (2d Cir. 2011).  In addition, "proof that a demand for settlement was made is a prerequisite to a bad-faith action for failure to settle."  See Pavia v. State Farm Mut. Auto. Ins. Co., 626 N.E.2d 24, 28 (N.Y. 1993).  We agree with the district court that Schuster's allegations were insufficient to support an inference that Quanta acted in bad faith.  See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (de novo standard of review).  Schuster did not dispute that additional insureds exhausted the policy's limit of liability through an interpleader action in federal court.  Further, he admits that he did not participate in the interpleader action even though Quanta notified him of the action, and he did not allege that any demand for settlement of the claims against him was made.

We also conclude that the district court did not abuse its discretion in failing to invite an amended complaint.  See Carlson v. Hyundai Motor Co., 164 F.3d 1160, 1162 (8th Cir. 1999).  Accordingly, we affirm.  See 8th Cir. R. 47B.

_____