# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3030

_____

Donald E. Burnett

*Plaintiff - Appellant*

v.

Christine Machtly, Former Deputy Director

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central Division

_____

Submitted: July 24, 2019
Filed: July 25, 2019
[Unpublished]

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

In this mortgage-related action, Donald Burnett appeals after the district court[1] dismissed his complaint, under Federal Rules of Civil Procedure 12(b)(6).  Upon

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

careful review of the record and Burnett's properly raised arguments on appeal, we find no basis for reversal. First, we conclude the district court did not err in determining that Burnett failed to state a due process claim. *See Hughes v. City of Cedar Rapids*, 840 F.3d 987, 994 (8th Cir. 2016) (discussing the requirements for a procedural due process claim); *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating a grant of a motion to dismiss under Rule 12(b)(6) is reviewed de novo). Furthermore, we conclude Burnett's mere references to other types of claims, without more, did not state claims for relief. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("Though pro se complaints are to be construed liberally, . . . they still must allege sufficient facts to support the claims advanced."). Finally, we conclude the court did not abuse its discretion in failing to invite Burnett to amend his complaint. *See Carlson v. Hyundai Motor Co.*, 164 F.3d 1160, 1162 (8th Cir. 1999) (holding "a district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading").

Accordingly, the judgment of the district court is affirmed. *See* 8th Cir. R. 47B.

_____