323 F.3d 695
 Edward J. MATTES; Catherine Mattes; Nancy Waters, Plaintiffs,
v.
ABC PLASTICS, INC.; Ernest Stoppelmoor, Defendants,
ABC Plastics, Inc.; Ernest Stoppelmoor, Third Party Plaintiffs — Appellants,
v.
Small Business Administration; LLP Mortgage, as Assignee of SBA, Third Party Defendants — Appellees.
 No. 02-1161.
 United States Court of Appeals, Eighth Circuit.
 Submitted October 8, 2002.
 Decided February 24, 2003.
 
 Randy E. Trca, argued, Iowa City, IA, for appellant.
 Glenn P. Harris, argued, Small Business Administration, Washington, DC, for appellee.
 Before MURPHY, JOHN R. GIBSON, and SMITH, Circuit Judges.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 ABC Plastics, Inc. and Ernest Stoppelmoor[1] appeal from the district court's[2] dismissal of their third-party complaint against the Small Business Administration and LPP Mortgage, as assignee of the SBA. The underlying suit was filed in Iowa state court by Edward J. Mattes, Catherine Mattes, and Nancy Waters against Stoppelmoor, seeking payment of the rent on a real estate lease. Stoppelmoor filed a third-party complaint against the SBA and its assignee, alleging that SBA "entered into a business agreement" for him to purchase a business, whose assets, it later turned out, included faulty equipment and contaminated materials. Stoppelmoor alleged that the SBA "intentionally misrepresented[3] or failed to warn or advise [Stoppelmoor] about the contaminated materials on the business property, as well as the faulty equipment." The SBA removed the case to federal court and moved to dismiss it for lack of jurisdiction and failure to state a claim, Fed.R.Civ.P. 12(b)(1) and (6). The district court granted the SBA's motion. Stoppelmoor appeals, arguing that he has pleaded an adequate basis for recovery under contract, third-party beneficiary to contract, and tort theories. We affirm.
 
 
 2
 We review de novo the district court's grant of a motion to dismiss[4] under Rule 12(b)(6), Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 911 (8th Cir.2002), accepting as true all factual allegations in the complaint,[5] id., but giving no effect to conclusory allegations of law. See Parkhill v. Minn. Mut. Life Ins. Co., 286 F.3d 1051, 1058 (8th Cir.2002) (well-pleaded facts, not legal theories or conclusions, determine adequacy of complaint). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6). Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).
 
 
 3
 The SBA raises an initial objection that Stoppelmoor's pleading is not a proper third party complaint because Stoppelmoor has not and could not plead that the SBA is liable to him for all or part of the plaintiffs' claim against him, as required by Fed.R.Civ.P. 14. The plaintiffs' claim is based on default under a real estate lease, but Stoppelmoor's second amended third-party complaint does not explain how the SBA could be liable to him for any part of the plaintiffs' lease claim.
 
 
 4
 Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.
 
 
 5
 United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir.1987). Accord Gaines v. Sunray Oil Co., 539 F.2d 1136, 1139 n. 7 (8th Cir.1976) ("Sunray's claim could not be maintained as a third-party claim since it is not one for indemnity."); Stewart v. American Internat'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir.1988) ("Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto."). Stoppelmoor alleges no coherent legal theory under which the SBA could be liable to indemnify Stoppelmoor for his real estate lease obligation. The act of guaranteeing a loan does not cause the guarantor to become liable on a real estate lease that is — as far as we can tell from the complaint — completely separate from the loan. We cannot fill in the enormous gaps in Stoppelmoor's legal theory to make a valid Rule 14 impleader.
 
 
 6
 Stoppelmoor argues that the SBA failed to preserve below its argument that his complaint is not a valid third-party complaint. The SBA's attorney argued to the district court:
 
 
 7
 We continue to assert under Rule 14 that as a procedural matter that the SBA, and for that matter, the other third-party defendant, is not a-has not been properly impleaded because SBA-neither SBA nor LPP Mortgage have-has any indication that we've agreed to either guarantee the-or indemnify the third-party plaintiffs for any losses that they might have experienced on the lease.
 
 
 8
 There is no merit to the contention that the SBA failed to raise this argument below. Dismissal was appropriate.
 
 
 9
 Even if there were not this fundamental flaw in the impleader, Stoppelmoor has failed to state a claim. In his second amended third-party complaint, he alleges that he "entered into a contract with Farmer Savings Bank and SBA whereby SBA guaranteed a loan for the purchase of business equipment, assets and property from a failed business previously guaranteed by SBA." The only contract term he alleged was that the SBA would guarantee the loan, and he has not pleaded that the SBA failed to guarantee the loan. Even the liberal standards of notice pleading require some factual allegations that state a cause of action and put a party on notice of the claim against it. See Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir.1999). Even after two amendments, Stoppelmoor's complaint still gives no notice of how the SBA is alleged to have breached the alleged contract to guarantee a loan.
 
 
 10
 There is also an allegation in the second amended third-party complaint that the SBA "conveyed" the business equipment and assets to Stoppelmoor. In his reply brief, Stoppelmoor contends that he alleged a breach of warranty of fitness for a particular purpose. Under Iowa Code Ann. § 554.2315, such a warranty only arises when a seller has reason to know the buyer is relying on the seller's skill or judgment to select or furnish suitable goods. Renze Hybrids, Inc. v. Shell Oil Co., 418 N.W.2d 634, 637 (Iowa 1988). Stoppelmoor has not alleged that the SBA had reason to know that Stoppelmoor was so relying on the SBA.
 
 
 11
 Stoppelmoor argues that he is a third-party beneficiary to a loan guaranty contract between the SBA and Farmers Savings Bank, which lent him money on the strength of the SBA's guaranty. However, he has not alleged that the SBA violated its obligations to him under the guaranty except for two implied duties that do not support his claim. First, he argues that 13 C.F.R. § 101.1(d) (1987),[6] which was referenced in the note he signed in favor of Farmers Savings Bank, requires the SBA to act to protect the interests of small business concerns. This language describing the purpose of the SBA is precatory, not mandatory, see Entergy Arkansas, Inc. v. Nebraska, 241 F.3d 979, 989 (8th Cir.) (to give rise to enforceable right statutory language must be mandatory, not precatory), cert. denied, 534 U.S. 889, 122 S.Ct. 203, 151 L.Ed.2d 144 (2001), and gives rise to no specific contractual duty on SBA's part. Cf. Concrete Tie of San Diego, Inc. v. Liberty Const., Inc., 107 F.3d 1368, 1371-72 (9th Cir.1997) (statement of SBA policy to enable companies to earn reasonable profit does not give rise to actionable duty); Tectonics, Inc. of Fla. v. Castle Const. Co., 753 F.2d 957, 960 (11th Cir.1985) (declared purpose of Small Business Act does not create private cause of action). Second, Stoppelmoor relies on the contractual duty of good faith and fair dealing. That duty, however, does not give rise to new substantive terms that do not otherwise exist in the contract, as Stoppelmoor contends. See United States v. Basin Elec. Power Co-op., 248 F.3d 781, 796 (8th Cir.2001) (duty of good faith does not import new obligations of reasonable behavior not contained in express terms of contract), cert. denied, 534 U.S. 1115, 122 S.Ct. 924, 151 L.Ed.2d 887 (2002). Stoppelmoor has not pleaded breach of the guaranty contract between the SBA and the Farmers Savings Bank.
 
 
 12
 Finally, Stoppelmoor argues that he has pleaded a claim under the Federal Tort Claims Act. Stoppelmoor's tort claim is based on breach of the alleged duty to assist small business concerns that we have already determined does not impose on the SBA an actionable duty to advise Stoppelmoor about the value of the business he bought. He has not stated a viable tort claim.
 
 
 13
 We affirm the district court's order of dismissal.[7]
 
 
 
 Notes:
 
 
 [1]
 The third-party complaint alleges that ABC Plastics, Inc. is a trade name of Stoppelmoor. Therefore, we will refer to both collectively as Stoppelmoor
 
 
 [2]
 The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa
 
 
 [3]
 Stoppelmoor's brief indicates that he has withdrawn his allegations of affirmative misrepresentation: "The SBA never communicated erroneous information to Stoppelmoor...." Stoppelmoor Brief at 35
 
 
 [4]
 During the course of the hearing, the court asked Stoppelmoor's counsel what contract he contended had been breached; counsel identified a guaranty signed by Stoppelmoor in favor of Farmers Savings Bank, which was then marked as an exhibit. Furthermore, after the hearing, Stoppelmoor's counsel wrote the court a letter identifying a note signed by Stoppelmoor Enterprises, Inc., in favor of Farmers Savings Bank, which he contended was "contractually binding language between SBA and Mr. Stoppelmoor" and which he asked to have admitted "as evidence for the hearing." Under Fed.R.Civ.P. 12(b), when matters outside the pleadings are presented to and not excluded by the court in connection with consideration of a Rule 12(b)(6) motion, the motion shall be treated as a motion for summary judgment. However, in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaintPorous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999). The two writings which Stoppelmoor offered at and after the hearing may be viewed as attachments to his complaint, and as the contracts upon which his claim rests, they are evidently embraced by the pleadings. See Kushner v. Beverly Enters., Inc., 317 F.3d 820, 831 (8th Cir.2003) ("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." (quotation marks omitted)). We therefore determine that notwithstanding the introduction of these two exhibits into the record, the SBA's motion may still be considered as a motion to dismiss.
 
 
 [5]
 An additional source of confusion is which version of the third-party complaint we are reviewing. Stoppelmoor moved to amend his "counterclaim," which is how he referred to the third-party complaint, on September 10, 2001, and leave was granted on October 16, 2001. However, between the time Stoppelmoor sought leave to file the amended pleading and the time he received leave, he filed yet another motion to amend, which had not been granted at the time he took his appeal. Stoppelmoor then moved this court for a limited remand, so that he could seek leave to amend. In the interests of efficiency, we have examined the second amended third-party complaint, rather than the first one, despite the fact that the second one has apparently not been properly filed. Because we determine that even with the amendment, Stoppelmoor has not stated a claim, we deny the motion for remand
 
 
 [6]
 The SBA disputes the applicability of the 1987 regulation, but we discuss the regulation just for the sake of addressing Stoppelmoor's argument
 
 
 [7]
 We deny the SBA's outstanding motion to strike new matters raised in reply brief and grant its motion to strike pleadings from the record. LLP Mortgage has filed no brief, but Stoppelmoor has given no reason to reverse the dismissal as to LLP Mortgage