# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-2626

_____

Eugene H. Mathison; Judy R. Mathison,   *
                                          *

        Appellants,   *

                                          *

   v.   *

                                          *

Lyle Swenson, U.S. Marshal;   *
Douglas Weber, Warden, South Dakota   *
State Penitentiary;   *

                                          *

        Appellees,   *

                                          *

Hoyt Brill, Warden, Prairie   *   Appeal from the United States
Correctional Facility;   *   District Court for the
                                          *   District of South Dakota

        Defendant,   *

                                          *   [UNPUBLISHED]

Steve Reecy, Commandant, Minnehaha   *
County Jail;   *

                                          *

        Appellee,   *

                                          *

Jeffrey Bloomberg, Secretary,   *
Department of Corrections, State of   *
South Dakota; Ms. Stone, Case   *
Manager, Prairie Correctional Facility;   *

                                          *

        Defendants,   *

                                          *

Deb Walters, Nurse, South Dakota   *
State Penitentiary;   *

```
                                                    *
                Appellee,                           *
                                                    *
Corrections Corporation of America,                 *
owner of the Prairie Correctional                   *
Facility; Valerie L. Van Eaton, an                  *
Officer with Corrections Corporation                *
of America; Carol Twedt, Minnehaha                  *
County Commissioner;                                *
                                                    *
                Defendants,                         *
                                                    *
Donald J. Fisher, D.D.S., a dentist at              *
the South Dakota State Penitentiary;                *
Five John/Jane Does,                                *
                                                    *
                Appellees.                          *
```

_____

Submitted: June 30, 2005
Filed: August 15, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Eugene H. Mathison and his wife, Judy R. Mathison, appeal from the final judgment entered in the District Court[1] for the District of South Dakota dismissing their suit for damages against federal and state prison employees under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The Mathisons have appealed the dismissal of or

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

grant of summary judgment on (1) Eugene's access-to-courts claim against Steve Reecy (Minnehaha County Jail ("Jail") Commandant), Douglas Weber (South Dakota State Penitentiary ("SDSP") Warden), and certain John/Jane Does; (2) Eugene's medical-needs claims against Donald Fischer (SDSP dentist), Deb Walters (SDSP nurse), and Warden Weber; (3) Judy's loss-of-consortium claim; and (4) Eugene's medical-needs claim against Lyle Swenson (United States Marshall). For the reasons discussed below, we affirm the judgment of the district court.

As for access to the courts, Eugene claimed that he filed his 28 U.S.C. § 2255 motion late because he had had inadequate access to a law library. We conclude that this claim was properly dismissed, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review of 28 U.S.C. § 1915A dismissal), because Eugene was not denied a "reasonably adequate opportunity" to prepare his § 2255 motion. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (while inmate does not have abstract, freestanding right to law library or legal assistance, he must have reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to courts). Eugene was at SDSP--where there was no law library in the annex where he was housed--for only twenty-two days during the one-year period in which he had to file his § 2255 motion; after being transferred from SDSP, which was twelve days before his § 2255 motion was due, he had access to a law library, both at the Jail and at the Prairie Correctional Facility in Appleton, Minnesota; and he admits on appeal that he delayed writing his § 2255 motion until the federal Sentencing Guidelines were amended.

As for medical needs, Eugene claimed that Dr. Fischer failed to fill a cavity, causing him to later suffer an abscess. Upon de novo review of the grant of summary judgment to Dr. Fischer, see Cooper v. Olin Corp., 246 F.3d 1083, 1087 (8th Cir. 2001), we agree with the district court that Dr. Fischer showed no deliberate indifference by not filling Eugene's cavity: Eugene never complained of any dental problems at SDSP, and when Dr. Fischer examined Eugene, he noted no swelling or

signs of an abscess and thus categorized Eugene's dental needs as non-urgent. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (to prevail on deliberate-indifference claim, prisoner must have suffered from objectively serious medical need which defendants knew of but deliberately disregarded).

Eugene also claimed that, while he was housed at SDSP, certain defendants showed deliberate indifference to his medical needs by administering his various prescription medications all at one time in a crushed form. Again, after de novo review, we agree with the district court that defendants were not deliberately indifferent, given the lack of evidence that defendants knew taking all of the medications together would be dangerous to Eugene. Also, the evidence showed that Eugene took the crushed combination of medications only once, and although he experienced a rash after taking the crushed medications, the rash lasted for only two hours and he never showed it to any defendant. See Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001) (deliberate indifference means doctor recklessly disregarded known risk). Eugene argues that he repeatedly complained about suffering headaches from not taking his medications, but he made the decision to stop taking his medications because he disagreed with how they were administered. Cf. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) (prisoners do not have right to any particular type of requested treatment).

After de novo review, see Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697-98 (8th Cir. 2003) (Fed. R. Civ. P. 12(b)(1) and (b)(6) dismissals), we affirm the dismissal of Judy's loss-of-consortium claim and the claim against United States Marshall Swenson for the reasons stated by the district court. See 8th Cir. R. 47B.

Accordingly, we affirm. We deny appellants' motions to recuse.

_____