# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2892

———————

Vernon Bonner,                                    *
                                                  *
                Appellant,                        *
                                                  *    Appeal from the United States
        v.                                        *    District Court for the
                                                  *    District of Minnesota.
Federal Bureau of Prisons; T. C.                  *
Outlaw; Sue McIntosh,                             *    [UNPUBLISHED]
                                                  *
                Appellees.                        *

———————

Submitted: August 11, 2006
Filed: August 22, 2006

———————

Before MURPHY, BYE, and MELLOY, Circuit Judges.

———————

PER CURIAM.

        Federal inmate Vernon Bonner appeals the district court's dismissal, under Federal Rule of Civil Procedure 12(b)(6), of his <u>Bivens</u>[1] complaint. Bonner alleged that defendants violated his constitutional rights by failing to deliver to him certain

——————————————

        [1]<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

incoming legal mail that was addressed in compliance with prison regulations, and that the warden failed to notify him that the mail had been rejected.[2]

We review de novo the dismissal of Bonner's complaint. See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697-98 (8th Cir. 2003). We agree with the district court that Bonner failed to state a First Amendment claim. He did not challenge the constitutionality of the prison regulations under which his mail was rejected. Rather, he alleged that his mail should not have been returned because it complied with the regulations. We disagree with that allegation. The twice-rejected mail package did not satisfy the requirements listed in the Federal Bureau of Prisons Program Statement 5800.10 (Nov. 3, 1995): Bonner did not obtain prior authorization to receive the package nor did it bear the required markings for treatment as special mail or any marking indicating authorized materials were enclosed such that prior authorization would not be required. Even if Bonner's mail had complied with the regulations, his claim would still fail because a violation of prison regulations in itself does not give rise to a constitutional violation. Cf. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (no federal constitutional liberty interest in having prison officials follow prison regulations).

Inmates do have a right to procedural due process, however, when their mail is rejected. See Procunier v. Martinez, 416 U.S. 396, 417-19 (1974) (decision to censor or withhold delivery of letter must be accompanied by minimum procedural safeguards; inmate should be notified of rejection), overruled on other grounds by, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); Jacklovich v. Simmons, 392 F.3d 420, 433 (10th Cir. 2004) (same). The district court did not address Bonner's allegation that defendant T. C. Outlaw failed to notify him that his incoming mail had

---

[2]Bonner has not raised any argument on appeal regarding the dismissal of his Sixth Amendment claim, and thus he has waived review of the issue. See XO Missouri, Inc. v. City of Maryland Heights, 362 F.3d 1023, 1025 (8th Cir. 2004).

been returned.  Thus we remand as to defendant Outlaw for consideration of this claim.  <u>See</u> <u>Shweiss v. Chrysler Motors Corp.</u>, 922 F.2d 473, 476 (8th Cir. 1990).

Accordingly, we remand for consideration of the procedural due process claim, and we affirm in all other respects.

_____