# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3173

_____

Judith Klosek, on behalf of herself     *
and all others similarly situated;     *
Linda Davenport,     *
    *
        Appellants,     *
    *    Appeal from the United States
      v.     *    District Court for the
    *    District of Minnesota.
The American Express Company;     *
Ameriprise Financial, Inc.;     *    [UNPUBLISHED]
Ameriprise Financial Services, Inc.,     *
formerly known as American Express     *
Financial Advisors, Inc.,     *
    *
        Appellees.     *

_____

Submitted: November 17, 2009
Filed: April 6, 2010

_____

Before RILEY,[1] Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

PER CURIAM.

In this putative class action, Judith Klosek and Linda Davenport (collectively "appellants") appeal the district court's[2] dismissal of their claims against The American Express Company ("American Express"), Ameriprise Financial Services, Inc. ("Ameriprise"), and Ameriprise Financial, Inc.[3] We affirm.

Appellants entered into franchise agreements with American Express Financial Advisors, Inc. ("AEFA") as "Independent Financial Advisor Businesses" in December 2002 and December 1999, respectively.[4] At the time the agreements were executed, American Express owned both AEFA and AEFA's parent, American Express Financial Corporation ("AEFC"). In late January 2005, AEFA and AEFC learned that American Express had decided to spin off AEFA and AEFC, and neither would be allowed to merge with another existing entity. On February 1, 2005, American Express publicly announced the planned spin-off.

To prepare for the spin-off, AEFA was renamed Ameriprise in August 2005. The spin-off was effective September 30, 2005. After that date, Klosek and Davenport were no longer permitted to operate under the American Express name or to use the American Express brand in any way. Klosek allowed her franchise agreement to renew for a second three-year term in December 2005. On October 4, 2007, Klosek sold the equity in her Ameriprise practice to another adviser and

[2]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

[3]Ameriprise Financial, Inc. is the current parent of Ameriprise Financial Services, Inc. Ameriprise Financial Services, Inc. is the primary appellant. As the same counsel represents both the parent and its subsidiary, we refer to them collectively as "Ameriprise."

[4]The provisions of the franchise agreements relevant to this appeal are identical.

terminated her franchise agreement with Ameriprise on February 11, 2008. Davenport remains an Ameriprise franchisee.

This class action was commenced in Minnesota state court "on behalf of a class of investment advisor franchisees who contracted with [AEFA], a wholly-owned subsidiary of [American Express], to use the American Express proprietary mark in exchange for payment of franchise fees." (Am. Compl. 1.) The class asserts the following claims: breach of contract against AEFA for failing to provide a well-recognized brand based on the August 1, 2005, name change from AEFA to Ameriprise ("Count I"); breach of contract against Ameriprise in that the non-compete covenants contained in the franchise agreements are unenforceable for lack of consideration and excessive scope ("Count II"); breach of the implied covenant of good faith and fair dealing against AEFA and Ameriprise by depriving the class of the use of a specific and particular brand in bad faith ("Count III"); violation of the Minnesota Franchise Act ("MFA"), Minn. Stat. §§ 80C.01-30, against AEFA and Ameriprise in light of their unfair practices ("Count IV"); tortious interference with contract against American Express because it intentionally caused AEFA to breach the franchise agreements by failing to provide the class with a "well recognized brand" ("Count V"); injunctive relief against Ameriprise to prevent it from taking adverse action against any franchisees ("Count VI"); and a declaration that the franchise agreements violate the MFA and that AEFA and Ameriprise have breached the franchise agreements ("Count VII").

Ameriprise removed the case to federal court. Ameriprise and American Express each filed motions to dismiss. The magistrate judge heard oral argument on the motions and issued a Report and Recommendation (R&R). In a thorough and detailed analysis, the magistrate judge concluded that:

> The franchise agreements expressly reserve Ameriprise's right to substitute new marks at its discretion. Consistent with this reservation,

the agreements recognize that the plaintiffs have no rights to the marks, and that there may be circumstances where Ameriprise may not be able to use the American Express marks. This language unambiguously indicates that Ameriprise has no obligation to supply a well-established mark to the plaintiffs. As a result, the plaintiffs cannot bring a claim for breach of contract on this basis.

(R&R 5.) Based on this rationale, the magistrate judge recommended dismissal of Count I. Similarly, the magistrate judge recommended that Counts III and V be dismissed as both claims are premised on appellants' claim that Ameriprise had a contractual duty to provide a well-established brand. With respect to Count III, the magistrate judge observed, "Ameriprise has no obligation to provide a well-established brand; therefore, its purported failure to do so cannot be the basis for breach of the implied covenant." (Id. 24.) As to Count V, the magistrate judge stated, "Because Ameriprise has no . . . obligation [to provide a well-established brand under the franchise agreements], there is no breach and likewise no claim for tortious interference with contract." (Id. 26.)

The magistrate judge further concluded that, although pled as a breach-of-contract claim, Count II is, in actuality, a claim for declaratory relief. As such, the magistrate judge recommended that Count II be dismissed because the district court lacked subject matter jurisdiction over the claim as there is no controversy at this point where appellants (1) do not allege that Ameriprise intends to enforce the noncompete clauses and (2) have only expressed a hypothetical desire to compete with Ameriprise in the future. See 28 U.S.C. § 2201 (requiring an "actual controversy" as a condition for federal courts granting declaratory relief); Caldwell v. Gurley Ref. Co., 755 F.2d 645, 649 (8th Cir. 1985) (providing that, in order to satisfy the "actual controversy" requirement, there must be "a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

The magistrate judge also recommended dismissal of Count IV because, assuming appellants had standing to assert the claim, they had failed to allege any specific unfair practices. As to Counts VI and VII, the magistrate judge recommended both claims be dismissed because neither claim alleges a substantive basis for relief. Rather, both claims refer back to Counts I and IV, which the magistrate judge had already recommended be dismissed. In sum, the magistrate judge recommended that the motions to dismiss be granted and that, with the exception of Count II, the claims be dismissed with prejudice. In response to the appellants' objections to the R&R, the district court overruled the objections for the reasons stated in its order and those contained in the R&R and adopted the recommendation to dismiss the case.

Having reviewed the complaint and the franchise agreements, those portions of the plan that the pleadings necessarily embrace, see Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697-98 n.4 (8th Cir. 2003), as well as appellants' arguments on appeal,[5] we conclude that dismissal was proper for the reasons stated in the district court's opinion which expressly adopts the R&R. See Monson v. Drug Enforcement Admin., 589 F.3d 952, 961 (8th Cir. 2009) ("We review the grant of a motion to dismiss de novo, taking all well pleaded factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." (quotation omitted)).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

---

[5]Appellants do not appeal the dismissal of Count IV.