# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2272

_____

Elsie Beck Glickert, an individual; Jen Rivenes Jensen, an individual; Irene Franklin, an individual; Peter Sarandos, an individual

*Plaintiffs - Appellants*

v.

The Loop Trolley Transportation Development District, a purported political subdivion of the State of Missouri; The Loop Trolley Company, a Missouri non-profit corporation

*Defendants - Appellees*

Bi-State Development Agency of the Missouri-Illinois Metropolitan District, doing business as Metro; CB 5421-5975 Transportation Development District, a political subdivision of the State of Missouri

*Defendant*s

City of St. Louis, Missouri, a political subdivision of the State of Missouri; City of University City, Missouri

*Defendants - Appellees*

St. Louis County, Missouri; Missouri Highway and Transportation Commission; Charlie A. Dooley, in his official capacity as a member of the Board of Directors of the purported loop Trolley Transportation Development District; Joe Edwards, in his official capacity as a member of the Board of Directors of the purported loop Trolley Transportation Development District; John M. Nations, in his official capacity as a member of the Board of Directors of the purported Loop Trolley Transportation Development District; Francis G. Slay, in his official capacity as a

member of the Board of Directors of the purported Loop Trolley Transportation Development District; Shelley Welsch, in her official capacity as a member of the Board of Directors of the purported loop Trolley Transportation Development District

*Defendant*s

Anne S. Carlson, in her capacity as a purported Trustee of the Catlin Tract Subdivision of the City of St. Louis; John Daniel, in his capacity as a Trustee of the Catlin Tract Subdivision of the City of St. Louis; Sean Gannon, in his capacity as a Trustee of the Catlin Tract Subdivision of the City of St. Louis; Catlin Tract Board of Trustees, a Missouri nonprofit corporation

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 11, 2015
Filed: July 1, 2015

_____

Before MURPHY and SHEPHERD, Circuit Judges, and BROOKS,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

In 2013, four individuals—Elsie Beck Glickert, Jen Rivenes Jensen, Irene Franklin, and Peter Sarandos—filed a five-count complaint ("the Complaint") against a number of defendants seeking declaratory and injunctive relief from the

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas, sitting by designation.

-2-

organization and operation of the Loop Trolley Transportation Development District ("the District") in University City, Missouri. Count 1 alleged federal and state constitutional claims, while Counts 2 to 5 raised state law challenges. The district court[2] granted the defendant-appellees' (hereinafter also referred to collectively as the "District") motion to dismiss Count 1 as to Glickert, Jensen, and Franklin for lack of standing; granted the District's motion for summary judgment on Count 1 as to Sarandos because his claims were precluded by a state judgment; and declined to exercise jurisdiction over the remaining state law claims. On appeal, Glickert, Jensen, and Franklin argue the district court erred in finding they lack standing and in failing to allow them to amend their complaint to include more particularized allegations to establish their standing. Sarandos argues the district court erred in applying claim preclusion because he did not receive constitutionally adequate notice of the state lawsuit, denying him due process of law. We affirm.

## I. Background

The Missouri Transportation Development District Act ("TDD Act"), Mo. Rev. Stat. §§ 238.200-.275,[3] authorizes the creation of transportation development districts to fund and execute transportation and infrastructure projects. Mo. Rev. Stat. §§ 238.202, .205. A transportation development district is a political subdivision of the state. Id. § 238.205. In 2007, the governing bodies of St. Louis City and University City, both local transportation authorities within the meaning of the TDD Act, passed resolutions calling for the joint establishment of the proposed District. See id. § 238.202.1(4). Pursuant to the TDD Act's requirements, University City then filed a petition in the Circuit Court of St. Louis County (the "Formation Lawsuit")

---

[2]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

[3]Statutory citations refer to the 2008 edition of the Revised Statutes of Missouri unless otherwise indicated.

seeking to create the proposed District to fund and build a trolley-car rail system. See id. § 238.207.5. The petition proposed to fund the trolley-car project by imposing up to a one percent sales tax on retail sales in the proposed District. See id. § 238.235. Notice of the proposal was published in two newspapers, *The St. Louis Daily Record* and *The Countian*, for four weeks, inviting persons who resided or owned property within the proposed District to join the Formation Lawsuit. See id. § 238.212. No one opposed the proposal or sought to join the suit. In December 2007, the circuit court entered an order declaring the proposed District and sales tax were neither illegal nor unconstitutional and certifying a single ballot question for voter approval regarding creation of the proposed District, approval of the proposed trolley-car project, and authorization of a one percent sales tax on retail sales within the proposed District to fund the project. See id. § 238.215-.216. At the time, qualified voters included registered voters who resided within the boundaries of the proposed District and persons who owned real property within those boundaries. Id. § 238.202.2(2) (2007).[4] Voters approved the ballot question and, in July 2008, the circuit court entered a final judgment creating the District, approving the trolley-car project, and authorizing the District to levy and collect a sales tax to fund the project ("the TDD Judgment"). See id. § 238.215. The sales tax was imposed in the District in August 2008 and has been paid and collected since that time.

In 2013, Glickert, Jensen, Franklin, and Sarandos filed a five-count Complaint in federal district court, seeking a declaratory judgment stating the District was not lawfully created and a permanent injunction barring the District from building and operating the trolley-car system. Count 1 alleged that certain voting provisions of the TDD Act violated the Equal Protection and Due Process Clauses of the United States and Missouri Constitutions. Counts 2 to 5 raised state law challenges. The Complaint noted that Glickert, Jensen, and Franklin do not reside in or own property within the District, but are residents and taxpayers of University City and the City of

---

[4]The definition of "qualified voters" in the TDD Act has since been amended.

St. Louis and regular business patrons, pedestrians, and motorists in the District. It also stated that Sarandos is a resident of St. Charles County, Missouri, and owns real property in the District.

The District filed a motion to dismiss and for summary judgment with respect to all counts of the Complaint. The district court dismissed Count 1 as to Glickert, Jensen, and Franklin for lack of subject matter jurisdiction, finding these three plaintiffs lacked standing to bring their federal claims. The district court granted the District's motion for summary judgment on Count 1 as to Sarandos on preclusion grounds, finding that his failure to intervene and object in the Formation Lawsuit precluded him from bringing his claims in Count 1. The district court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed Counts 2 to 5 as to all appellants, pursuant to 28 U.S.C. § 1367(c)(3).

Glickert, Jensen, Franklin, and Sarandos now appeal, arguing: (1) the district court abused its discretion in dismissing Franklin, Glickert, and Jensen's claims without giving them an opportunity to amend the Complaint to add more particularized allegations to establish their standing; (2) the district court erred in finding Glickert, Jensen, and Franklin lack standing because they live near and regularly frequent the District; and (3) the district court erred in applying claim preclusion against Sarandos because he did not receive adequate notice of the Formation Lawsuit, in violation of due process.

## II. Discussion

### A. Motion to Amend

Glickert, Jensen, and Franklin argue the district court abused its discretion in dismissing their claims in Count 1 without affording them an opportunity to amend the Complaint to supply more particularized allegations to establish their standing.

-5-

"A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).

Glickert, Jensen, and Franklin did not move to amend or file a proposed amended pleading with the district court. Rather, in their memorandum of law in opposition to the District's motion to dismiss, they included a brief section noting that "[b]ecause the District combined its motion to dismiss with a motion for summary judgment, filed very early in the course of this suit, it was not practical for Plaintiffs to avail themselves of their right to amend their Complaint as a matter of course" and requesting "permission to amend their Complaint should this Court find any insufficiencies in its allegations." R. Doc. 91, at 18. We have held that "to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion." Wolgin v. Simon, 722 F.2d 389, 395 (8th Cir. 1983); see also United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 742 (8th Cir. 2014) (rejecting government's argument that the district court departed from "typical practice" when it dismissed government's complaint without inviting amendment because Eighth Circuit law requires plaintiffs to submit a motion and proposed amendment to preserve their right to amend and does not require the district court to invite a motion for leave to amend if plaintiffs did not file one). Appellants did not submit a motion to amend or a proposed amendment, nor did they indicate what a proposed amended pleading might have contained. Accordingly, the district court did not abuse its discretion by failing to grant Glickert, Jensen, and Franklin leave to amend their Complaint. See, e.g., Clayton v. White Hall Sch. Dist., 778 F.2d 457, 460 (8th Cir. 1985) (holding district court did not abuse its discretion in failing to grant leave to amend where appellant did not submit a motion or proposed amendment but merely concluded her response to the appellee's motion to dismiss with a request for leave to amend).

## B. Standing

The district court dismissed Glickert, Jensen, and Franklin's claims in Count 1 because it found they lacked standing to bring their federal claims. "We review a decision dismissing a complaint for lack of standing de novo, 'construing the allegations of the complaint, and the reasonable inferences drawn therefrom, most favorably to the plaintiff.'" Tarsney v. O'Keefe, 225 F.3d 929, 934 (8th Cir. 2000) (quoting Burton v. Cent. Interstate Low-Level Radioactive Waste Compact Comm'n, 23 F.3d 208, 209 (8th Cir. 1994)).

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498 (1975). Glickert, Jensen, and Franklin, as the parties asserting federal jurisdiction, have the burden of establishing their standing. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006). To satisfy constitutional standing requirements, the plaintiff must make out a "case or controversy" between himself and the defendant, which requires he allege "'such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth, 422 U.S. at 498-99 (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)). "From Article III's limitation of the judicial power to resolving 'Cases' and 'Controversies,' and the separation-of-powers principles underlying that limitation, we have deduced a set of requirements that together make up the 'irreducible constitutional minimum of standing.'" Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1386 (2014) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "The plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a

favorable judicial decision." Id.  In addition to the minimum Article III "case or controversy" requirement, the Supreme Court "has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers," including the limitation that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422 U.S. at 499.

Count 1 of appellants' Complaint is based upon the alleged unconstitutionality of certain voting provisions of the TDD Act.  Appellants allege that the TDD Act, on its face or as applied in this election, is unconstitutional because it: (1) violates voters' right to equal protection by creating discriminatory voting classifications; (2) violates voters' right to equal protection and due process by failing to assure ballot secrecy; and (3) violates voters' right to equal protection and due process by unduly burdening voters' ability to exercise their right to vote in a variety of ways.[5] Appellants allege that, as a consequence of the statute's unconstitutionality, the TDD Judgment creating the District is void and thus the District has no authority to collect taxes or undertake the trolley project.  Appellants allege they are injured because the District is collecting sales tax on purchases of goods and services in the District, where they regularly shop, and undertaking the trolley project in an area they live near and frequent.  They asked the district court to declare that the District does not exist and permanently enjoin the District from pursuing the trolley project.

We conclude Glickert, Jensen, and Franklin lack standing to assert equal protection and due process claims in this case because these claims are not an assertion of their own legal rights.  "A federal court must ask 'whether the constitutional or statutory provision on which the claim rests properly can be

---

[5]The Complaint also alleged that the TDD Act's failure to assure ballot secrecy violates Article 8, Section 3 of the Missouri constitution, which addresses methods of voting and secrecy of the ballot.

understood as granting persons in the plaintiff's position a right to judicial relief.'" Roberts v. Wamser, 883 F.2d 617, 620 (8th Cir. 1989) (quoting Warth, 422 U.S. at 500). Glickert, Jensen, and Franklin are not entitled to vote in the District, as they do not reside in or own property within the District, and they do not assert any personal right under the Constitution or any statute that is violated by the District's imposition of the sales tax and pursuit of the trolley project. Rather, the only legal basis for their claim is that the TDD Act violates the constitutional rights of third parties, namely, people who were entitled to vote in the TDD election. "In short the claim of these petitioners falls squarely within the prudential standing rule that normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." Warth, 422 U.S. at 509; cf. United States v. Hays, 515 U.S. 737, 743-44 (1995) (applying the rule against generalized grievances to note that, in the equal protection context, the resulting injury from discriminatory conduct "accords a basis for standing only to those persons who are personally denied equal treatment by the challenged discriminatory conduct" (internal quotation marks omitted)). While this prudential rule is subject to exceptions, appellants do not present any argument that an exception should apply, nor do we find one applicable to this case. See Warth, 422 U.S. at 509-10. Thus we affirm the district court's dismissal of Glickert, Jensen, and Franklin's claims in Count 1 for lack of standing.

## C. Notice

Sarandos is differently situated from the other appellants because he owned property in the District during the TDD election and voted in the election. The district court found it unnecessary to determine whether this fact established Sarandos's standing to bring his claims in Count 1, instead granting the District's motion for summary judgment by concluding Sarandos's claims were precluded by the TDD Judgment. We review a district court's grant of summary judgment de novo. Butler v. City of N. Little Rock, Ark., 980 F.2d 501, 503 (8th Cir. 1992). We will affirm the grant of summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We afford the same full faith and credit to the TDD Judgment, a state court judgment, that would apply in Missouri's own courts. See 28 U.S.C. § 1738; Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982). The district court concluded that Sarandos could have intervened in the Formation Lawsuit to bring his claims and that "Missouri law is clear that the judgment establishing a transportation development district is final and given preclusive effect over those who could have intervened in the Formation Litigation." Glickert v. Loop Trolley Transp. Dev. Dist., No. 4:13cv2170 SNLJ, 2014 WL 1672005, at *6 (E.D. Mo. Apr. 28, 2014). Sarandos does not challenge these findings on appeal. Rather he argues only that the preclusive effect of the TDD Judgment could not be applied against him because he did not receive adequate notice of the Formation Lawsuit, in violation of due process.

The TDD Act has a notice provision, requiring the circuit clerk in whose office a petition is filed to publish notice in "one or more newspapers of general circulation serving the counties or portions thereof contained in the proposed district to publish once a week for four consecutive weeks." Mo. Rev. Stat. § 238.212. The Complaint alleged the Formation Lawsuit file did not contain evidence showing the statutory notice requirement was satisfied. In its motion to dismiss and for summary judgment, the District argued res judicata barred appellants' claims, detailed how appellants received notice and an opportunity to be heard in the Formation Lawsuit, and submitted affidavits showing notice was published. In their memorandum in opposition to the motion, appellants argued Glickert, Jensen, and Franklin could not be precluded by the TDD Judgment because they did not have the right to join the Formation Lawsuit, stating: "The City neglects to explain how these Plaintiffs [Glickert, Jensen, and Franklin], even had they been given notice, would have been entitled . . . to participate in the Formation Lawsuit." R. Doc. 91, at 20. After the word "notice," appellants included the following footnote:

> Plaintiffs acknowledge that, after the Formation Lawsuit was filed, the court ordered that notice of the filing be published. Though the District has presented a recent affidavit that this was done, the Formation Lawsuit file does not reflect this. Though the Complaint does not raise the issue, the constitutional adequacy of published notice to Plaintiff Sarandos, the record owner of land within the proposed district, merits consideration; Plaintiffs will seek to develop this issue if they are allowed to amend their Complaint.

R. Doc. 91, at 20, n.43 (citations omitted). Sarandos now concedes publication notice was given but claims it was constitutionally inadequate and thus argues the district court could not apply the preclusive effect of the TDD Judgment against him. The District argues Sarandos waived this argument by failing to raise it in the district court. We agree.

Appellants alleged in the Complaint that the Formation Lawsuit file did not prove statutorily required notice was provided. The District submitted evidence with their motion for summary judgment showing the statute's notice requirement was satisfied. Appellants did not contradict or rebut that evidence or argue that res judicata could not apply because publication notice was inadequate. Accordingly, while it is true that state court proceedings must meet minimum due process requirements to qualify for the full faith and credit guaranteed by federal law, see Kremer, 456 U.S. at 481, in this case, there was no genuine dispute before the district court as to the constitutional adequacy of notice that precluded it from granting summary judgment on res judicata grounds. See Fed. R. Civ. P. 56(a); see also Abbott v. Michigan, 474 F.3d 324, 331-32 (6th Cir. 2007) (finding summary judgment on preclusion grounds proper where plaintiffs claimed they did not have a full and fair opportunity to litigate their claims, defendants moved for summary judgment and presented evidence on this claim, and plaintiffs did not challenge or come forth with evidence to show they did not have a full and fair opportunity to litigate).

-11-

In his reply brief, Sarandos claims he did raise the issue of the "constitutional adequacy of the published notice" before the district court, referring to the aforementioned footnote in appellants' memorandum in opposition to summary judgment, and thus he did raise a due process challenge. While we agree that this footnote included the words "constitutional adequacy of published notice," having reviewed the record, we disagree that this footnote was sufficient to alert the district court that Sarandos was asserting that res judicata could not bar his claims because he did not receive constitutionally adequate notice of the Formation Lawsuit. At most, the footnote may have signaled that Sarandos might raise a challenge to the constitutionality of the TDD Act's notice provision in the future. Accordingly, this claim was not pled in the district court, and we note that not only have we already concluded the district court did not abuse its discretion by not granting appellants leave to amend the Complaint, but appellants do not even argue on appeal that the district court erred in failing to allow them to amend to develop Sarandos's due process argument. We conclude, therefore, that the due process argument Sarandos makes on appeal was not raised before the district court, and thus we will not address it. See Larken, Inc. v. Wray, 189 F.3d 729, 735 (8th Cir. 1999) (declining to address arguments that were not made below "with sufficient particularity to preserve them"). As Sarandos does not otherwise challenge the district court's application of preclusion, we affirm the court's grant of summary judgment on Count 1 of the Complaint as to Sarandos.[6]

---

[6]As we conclude the TDD Judgment precludes Sarandos's claims, we do not need to address his secondary argument, namely, that he could not have brought his constitutional challenges in an election contest.

### III.  Conclusion

For these reasons, we affirm the district court's dismissal of Count 1 of the Complaint as to Glickert, Jensen, and Franklin and its grant of summary judgment on Count 1 as to Sarandos.

_____